IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MANDAL SIMS, | ) | C/A No. 4:08-3719-GRA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ROBERT STEVENSON, III, WARDEN, | ) | |
| BROAD RIVER CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Mandal Sims, ("Petitioner/Sims") is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 10, 2008. Respondent filed a motion for summary judgment on February 10, 2009, along with a return and supporting memorandum. The undersigned issued an order filed February 11, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on March 18, 2009.

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been

___

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

seriously disputed by the Petitioner. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent.

Petitioner is presently confined to Broad River Correctional Institution pursuant to Orders of Commitment from the Clerk of Court from Richland County. At the September 1998 term, the Richland County Grand Jury indicted Petitioner for murder (98-GS-40- 35123). **{PCR App. 679-80}**.

Petitioner was represented at the trial level by Public Defender Lee Coggiola, Esquire and Assistant Public Defender Cynthia Durham, Esquire. From February 1st to 4th, 1999, Petitioner was tried before the Honorable John L. Breeden, Jr., and a jury. The jury convicted Petitioner as charged **{PCR App. 669}**, and Judge Breeden sentenced Petitioner to life in prison. **{PCR App. 677; 681}**.

A timely notice of appeal was filed and served, and Deputy Chief Appellate Defender Joseph L. Savitz, III, was appointed to represent Petitioner in his direct appeal. On May 1, 2001, Savitz filed with the South Carolina Supreme Court a Final Brief of Appellant, in which he raised the following issues:

1. The judge erred by allowing a police officer to testify that, in response to her question, the victim's five-year-old son had stated that appellant had been with his mother the night she was killed, because this evidence violated the rule against hearsay.

2. The judge erred by preventing defense counsel from cross-examining the key state's witness about specific pending charges that the solicitor had agreed to help him in exchange for his testimony, because this ruling violated South Carolina Evidence Rule 608 ( c ) and the Sixth Amendment.

**{PCR App. 683}**. The State, through Assistant Attorney General S. Creighton Waters, filed a Final Brief of Respondent on April 17, 2001. Following oral argument on November 13, 2001, the South Carolina Supreme Court issued an opinion dated January 14, 2002, in which it affirmed the

conviction and sentence. State v. Sims, 558 S.E.2d 518 (2002). **{PCR App. 697}**. The remittitur was sent down on February 5, 2002.

Petitioner next filed a *pro se* Application for Post-Conviction Relief ("APCR") on January 7, 2003 (03-CP-40-0147), in which he asserted the following issues:

A. Applicant was denied his effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and South Carolina law by trial counsels' failure to argue a violation of the Sixth Amendments's Confrontation Clause when the trial court ruled that the defense would not be allowed to inquire into the pending criminal charges against "jailhouse snitch" witness Michael Peterson.

B. Applicant was denied his effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and South Carolina law when trial counsel failed to raise the issue of a violation of the Sixth Amendment's Confrontation Clause when the trial court allowed Sandra Thomas to testify about hearsay statements alleged to have been made by witness [name was blacked out] over defense counsel's general hearsay objection.

C. Applicant was denied his effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and South Carolina law when appellate counsel failed to raise the issue that it was error for the trial court to deny defense counsel's motion for a mistrial.

D. Applicant was denied his effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and South Carolina law when trial counsel failed to impeach witness Michael Peterson's testimony that his bond was set before Mandal Sims and his bond set by using the transcript of the Columbia Municipal Court.

E. Applicant was denied his effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and South Carolina law when trial counsel failed to procure and present the testimony of an expert witness to rebut jailhouse snitch Michael Peterson's claim that Mandal Sims used a knife to saw on the victim's neck.

F. Applicant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and South Carolina law when trial counsel failed to object to the introduction of

> a photograph depicting the victim, when living, under State v. Langley, 334 S.C. 643 (1999).
>
> G.   Applicant was denied his effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and South Carolina law when trial counsel failed to present evidence that a number of items depicted in photographs of the crime scene belonged to applicant. Whether or not applicant lived at the crime scene was an issue at trial.

**{PCR App. 707}**. The State filed a Return on January 22, 2004. **{PCR App. 711}**.

An evidentiary hearing in Petitioner's PCR was held before the Honorable G. Thomas Cooper, Jr., on June 1, 2005. **{PCR App. 715}**. Petitioner was present and represented by counsel David Tarr, Esquire, and Christopher J. Moran, Esquire. The State was represented by Assistant Attorney General Arie Bax. At the hearing, Petitioner expressly narrowed his claims for relief to Claims B and D from the APCR, as well as an additional claim that the State failed to correct false testimony. **{PCR App. 718-19}**. Petitioner called both trial counsel Coggiola and Durham to testify; the State called Coggiola. Judge Cooper took the matter under advisement, and both sides submitted proposed orders. On February 28, 2006, Judge Cooper signed an Order of Dismissal in which he denied relief. **{PCR App. 787}**.

A timely notice of appeal was filed with the South Carolina Supreme Court from the APCR. Assistant Appellate Defender Katherine H. Hudgins, of the South Carolina Office of Appellate Defense, represented Petitioner in the APCR appeal. On December 5, 2006, Hudgins filed a Petition for Writ of Certiorari in which she raised the following issue:

> Did the PCR court err in refusing to find counsel ineffective for failing to object to hearsay testimony on the ground that the testimony violated the Sixth Amendment's Confrontation Clause?

The State filed a Return to the Petition for Writ of Certiorari dated March 21, 2007. On January 23, 2008, the South Carolina Supreme Court issued an order in which it denied the certiorari petition, and the remittitur was issued on February 8, 2008.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

| | |
|---|---|
| **GROUND ONE:** | Denial of Confrontation |
| **GROUND TWO**: | Violation of South Carolina Federal and State Rule 608(c) and the Sixth Amendment. |
| **GROUND THREE**: | Denial of effective assistance of counsel. |
| **GROUND FOUR:** | Conviction was obtained by use of false or perjured testimony that the state failed to correct. |

(Petition).

## III. SUMMARY JUDGMENT

On February 10, 2009, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services,

5

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Sims filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

6

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely.

Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner filed a direct appeal which the South Carolina Supreme Court which was denied by order on January 14, 2002, and the remittitur was issued on February 5, 2002. Petitioner had ninety (90) days to seek certiorari from the United States Supreme Court which he did not seek. Therefore, the conviction became final on May 6, 2002, ninety days after the conclusion of the direct appeal. Petitioner filed his PCR application on January 7, 2003. Therefore, two hundred and forty-six (246) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. On January 23, 2008, the South Carolina Supreme Court denied certiorari on the PCR Order of Dismissal and the remittitur was issued on February 8, 2008. Petitioner filed this habeas petition on November 10, 2008.[3] However, even using the date of October 30, 2008, another two hundred and sixty-five (265) days of non-tolled time expired. Thus, the time is outside the limitations period (246 +265=511 days).

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C.

---

[3] The envelope used to mail the pleadings in the above-captioned case does not have a prison mailroom stamp; however, the envelope used to mail the pleading shows a postal stamp date of October 30, 2008. It was received by the Clerk of Court on November 6, 2008. Petitioner dated his petition November 5, 2009. Although the Houston v. Lack "delivery" date in the above-captioned case cannot be conclusively determined at this time, the postal date of October 30, 2008, will be used for purposes of this report and recommendation. However, whether the date of October 30, 2008, or the date of November 5, 2008, is used, the petition is still time barred.

§ 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Petitioner has not presented any evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.[4]

## VI. CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #12) be

---

[4] As the petition is barred by the statute of limitations, the grounds raised in the petition will not be addressed on the merits.

11

GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

                                               Respectfully Submitted,

                                               s/Thomas E. Rogers, III
                                               Thomas E. Rogers, III
                                               United States Magistrate Judge

March 30, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**