UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mandal Sims, ) | |
| ) | C/A No. 4:08-cv-3719-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Robert Stevenson, III Warden Broad ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on March 30, 2009. The petitioner originally filed for relief under 28 U.S.C. § 2254, on October 30, 2008, arguing inter alia that he was denied effective assistance of trial counsel. The respondent filed a motion for summary judgment on February 10, 2009. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 11, 2009, advising the petitioner about the consequences of failing to respond to the respondent's motion. On March 18, 2009, the petitioner filed a response.

The magistrate recommends granting the respondent's motion for summary judgment as the petition is time barred. For the reasons stated herein, notwithstanding the petitioner's objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner objects to the Report and Recommendation.

The petitioner objects to the magistrate's conclusion that his petition is barred by the statute of limitations. The petitioner does not contest the fact that the petition was time barred, he states that he did not know he had one year to file for *habeas* relief. The lack of knowledge does not warrant equitable tolling. There are no extraordinary circumstances beyond his control that prevented him from filing on time to warrant the tolling of the statute of limitations. *See Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001). This objection is without merit.

After reviewing the record, the Report and Recommendation, and the petitioner's objections, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's motion for summary judgment be GRANTED.

**[signature block on following page]**

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

May   18 , 2009
Anderson, South Carolina


## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.